IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| D.C. and G.K., Individually and as Guardian Ad Litem of S.K., and incompetent minor,  Plaintiffs,  v.  DEPARTMENT OF EDUCATION, STATE OF HAWAII,  Defendant. | Civ. No. 05-00562 ACK/BMK |

ORDER REMANDING ADMINISTRATIVE DECISION

BACKGROUND

A.  Procedural Background

This action stems from a claim made in an administrative proceeding pursuant to the Individuals with Disabilities in Education Act (the "IDEA"), 20 U.S.C. § 1400, et seq.[1]  The IDEA was enacted by Congress to, among other things, "ensure that all children with disabilities have available to them a free appropriate public education ["FAPE"] that emphasizes

---

[1] The IDEA was amended effective July 1, 2005, after the administrative hearing occurred in this case.  The Court will refer to the prior version of the IDEA herein, unless otherwise noted.  See Lawrence Township Board of Education v. New Jersey, 417 F.3d 368, 370 (3d Cir. 2005) (amendments to the IDEA have prospective application only).

special education and related services designed to meet their unique needs . . . [and] to ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1)(A) and (B) (2000).  The IDEA provides federal money to state and local education agencies to assist them in educating disabled children, on the condition that the state and local agencies implement the substantive and procedural requirements of the IDEA.  See Robb v. Bethel School District #403, 308 F.3d 1047, 1049 (9th Cir. 2002).  The IDEA provides procedural safeguards to permit parental involvement in all matters concerning the child's educational program, including an opportunity for an impartial due process hearing with respect to complaints, and allows parents to obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate.  Id.

On November 12, 2004, D.K. and G.K, individually and as guardians ad litem of S.K., an incompetent minor, filed a Request for Impartial Hearing with the Hawaii Department of Education (the "DOE") pursuant to the IDEA.[2]  As a result, administrative hearing proceedings were conducted by a Hearing Officer in the Office of Administrative Hearings of the Department of Commerce and Consumer Affairs of the State of Hawaii.  The administrative

---

[2] D.K. and G.K. may be referred to herein as "parents."  S.K. may be referred to herein as "student."  Collectively, D.K., G.K., and S.K. may be referred to herein as "Plaintiffs."

proceedings culminated in the Hearing Officer's issuance of Findings of Fact, Conclusions of Law and Decision on July 29, 2005 (the "Administrative Decision").

Plaintiffs brought this federal action on August 27, 2005, by filing a complaint seeking "review and reversal of the portion of the [Administrative] Decision that declined to determine S.K. eligible for services under IDEA." See First Amended Complaint at 3 (Sept. 23, 2006).[3]  On March 29, 2006, Plaintiffs filed an Opening Brief, seeking the following relief from this Court: (1) alter or amend the Administrative Decision and deem the student eligible for special education and related services under the IDEA; (2) remand the case for consideration of the issues of the appropriateness of the student's placement and reimbursement for the placement and related services; and (3) find that Plaintiffs are prevailing parties and entitled to an award of their attorneys' fees and costs.[4]  On May 1, 2006, Defendant filed an Opposition Brief.  On May 15, 2006, Plaintiffs

---

[3]The Court notes that in 2003, a complaint filed in this court by these same Plaintiffs alleging violation of the IDEA was dismissed for failure to exhaust administrative remedies.  See D.C. v. Hamamoto, Civ. No. 03-00153 HG/KSC, Order Granting Defendants' Motion to Dismiss (July 14, 2003).  The dismissal was affirmed on appeal.  See D.C. v. Hamamoto, No. 03-16352, 2004 WL 1043114 (9th Cir. May 7, 2004).

[4]Pursuant to a Minute Order issued on March 31, 2006, this Court will treat the document entitled "Plaintiffs' Motion to Amend or Alter Hearing Officer's Decision" as Plaintiffs' Opening Brief.

filed a Reply Brief and an Errata to Plaintiffs' Reply Brief.  On June 19, 2006, the Court held a hearing on the administrate record.

**B.    Summary of the Administrative Decision**

The Administrative Decision contains detailed findings of fact and conclusions of law.  This summary is not meant to be exhaustive.

The Hearing Officer concluded that DOE failed to properly assess the student for special education services, in violation of the IDEA.  See Administrative Decision at 7.  The Hearing Officer described facts that the Hearing Officer found indicated that the student displayed social, emotional, academic, speech/language and behavioral problems throughout his two and a half years at the home school.  Id. at 9.  The DOE should have suspected the student as having a disability, according to the Hearing Officer's conclusions, and under the "child find" provisions of the IDEA, the DOE had the duty to make assessments in light of these facts.  Id.

The Hearing Officer concluded that the DOE's failures to identify the student as a student suspected of having a disability, notify the parents of the procedure to initiate a referral, and make either the proposal to assess or notice of refusal to assess, violated Haw. Code R. §§ 8-56-4 and 8-56-5.  See Administrative Decision at 9.

Plaintiffs seek reimbursement of their costs for the student's placement in private school, but the Hearing Officer concluded that whether the student is actually eligible for special education benefits under the IDEA "has not yet been established." Id. at 10.  The Hearing Officer concluded that the student was not appropriately evaluated under all possible eligibility categories, such as emotional disturbance or speech/language impairment, and that a "determination needs to be made" regarding whether or not the student is eligible for special education benefits, and if eligible, under what category and from what date.  Id.  The Hearing Officer concluded that this determination should be made by the Individualized Education Program ("IEP") team or student support team, taking into account parental input, opinions of experts and therapists, and the student's teachers.  Id.  The Hearing Officer concluded that the student's eligibility for special education benefits needs to be determined before consideration is given to Plaintiffs' claim for reimbursement.

Finally, the Hearing Officer concluded that if the student is found by the DOE to be currently qualified for special education services, the DOE is obligated to make an offer of FAPE.  Id.

In conclusion, the Hearing Officer ordered that Plaintiff's claims are granted as follows:

(1) The DOE failed to properly identify the student's eligibility under Haw. Code R. § 8-56-4(a)(1), notify the parents of the procedure to initiate a referral under Haw. Code R. § 8-56-4(a)(2), and make either the proposal to assess or notice of refusal to assess under Haw. Code R. § 8-56-5;

(2) Within thirty days, the DOE must commence the process of obtaining current assessment(s) of the student to determine whether the student qualifies for special education and related services; and

(3) Plaintiffs are deemed the prevailing party in the case.  See Administrative Decision at 10.

### **STANDARD**

In evaluating an appeal of an administrative decision under the IDEA, the district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(C).[5]

---

[5]An amendment to the IDEA, effective July 1, 2005, affected the subsection number at which this provision appears in the statute, but did not affect the text of the provision.  Compare 20 U.S.C. § 1415(i)(2)(B) (in effect prior to July 1, 2005) with 20 U.S.C. § 1415(i)(2)(C) (effective July 1, 2005).  Thus, the

This statutory requirement "that a reviewing court base its decision on the 'preponderance of the evidence' is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." See Board of Educ. of the Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley, 458 U.S. 176, 206 (1982). Rather, "due weight" must be given to the findings in the administrative proceedings. Id.

The amount of deference given to an administrative hearing officer's findings is a matter of discretion for the court. See Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 891 (9th Cir. 1995) (quoting Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1311 (9th Cir. 1987)). The court must consider the findings carefully and endeavor to respond to the hearing officer's resolution of each material issue, but the court is free to accept or reject the findings in part or in whole. See Capistrano, 59 F.3d at 891. When exercising its discretion to determine what weight to give the hearing officer's findings, the court may examine the thoroughness of those findings and accord greater deference when the findings are "thorough and careful." Id.; Union Sch. Dist. v. Smith, 15 F.3d 1519, 1524 (9th Cir. 1994).

---

Court's analysis on this issue is identical under either version of the statute.

A court's inquiry in reviewing administrative decisions under the IDEA is twofold. "First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits? If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more." Rowley, 458 U.S. at 206-207 (internal footnotes omitted); see also Smith, 15 F.3d at 1524.

## DISCUSSION

Plaintiffs appeal only one narrow issue in this case. Plaintiffs "seek review of the Hearing Officer's refusal to find S.K. eligible for services under any category of IDEA. This is the only issue appealed by the parties; no other issue is before the Court." See Reply Brief at 2. Thus, the parties do not appeal the Hearing Officer's determinations that the DOE violated the IDEA and Hawaii's regulations implementing the IDEA by failing to "properly identify Student's eligibility," "notify Petitioners of the procedure to initiate a referral," and "make either the proposal to assess, or notice of refusal to assess." See Administrative Decision at 10.

Plaintiffs argue that because the Hearing Officer found that the IDEA was violated, the Hearing Officer should have deemed the child eligible for special education and related

services.  <u>See</u> Reply Brief at 2.  In other words, Plaintiffs disagree with the Hearing Officer's decision that he did not have sufficient evidence before him to determine the student's eligibility.  <u>See</u> Administrative Decision at 10; <u>see also</u> Opening Brief at 1 ("[T]he Hearing Officer denied parents' request to find S.K. eligible for services under any category of IDEA and, instead, ruled that an IEP meeting would have to be convened for purposes of such a determination to be made.  This narrow portion of the decision is being appealed.") (internal citation omitted).

    At the hearing before this Court, the parties agreed that the Hearing Officer had sufficient authority to determine whether or not the student is eligible for special education and related services under the IDEA.  <u>See</u> <u>Hacienda La Puente Unified Sch. District of Los Angeles v. Honq</u>, 976 F.2d 487 (9th Cir. 1992) (affirming hearing officer's determination that student was eligible for special education services in case where school district refused to identify child as disabled).  The parties also agreed in the hearing before this Court that the Hearing Officer had sufficient evidence before him to determine whether or not the student is eligible for special education and related services under the IDEA.

    The Court finds that in this case the Hearing Officer should have determined whether the student is eligible for special education and related services under the IDEA.  The

parents had already participated in three assessment meetings and the DOE previously indicated that it had already made up its mind that the student was ineligible. Forcing the parents to go back to the DOE again would be something of an exercise in futility and would cause additional delay to the student in this case, whose interests will be best served by a swift determination of eligibility.[6] The DOE counsel at the hearing before this Court conceded that the DOE would probably reach the same result if permitted by the Hearing Officer to conduct another assessment of the student. Although the Court makes no conclusion regarding under what circumstances it would be appropriate for a hearing officer to decline to determine eligibility and to allow the DOE

---

[6] Exacerbating the delay to the student in this case is the delay between Plaintiffs' filing of the Complaint in this Court (on August 27, 2005) and the completion of the briefing schedule (on May 15, 2006). The Court has requested both counsel to investigate the delay and submit letters to the Court explaining their findings. At the hearing, Plaintiffs' counsel attributed the delay, in large part, to the period of time it took the Hawaii Department of Commerce and Consumer Affairs to file the Administrative Record with the Court. In a letter submitted to the Court on June 20, 2006, counsel for the DOE notes that the Administrative Record was filed before the expiration of the sixty day deadline ordered by the magistrate judge at the scheduling conference on December 9, 2005. The DOE counsel also notes that some delay was caused by an apparent lack of service of the Complaint, the filing of a First Amended Complaint, and the parties' agreement in March 2005 to continue the briefing deadlines by approximately two weeks. The Court notes its concern with the delay in this case, as well as its general concern regarding the delays in the filing of administrative records in IDEA appeals in this district in general, because of the potential harm that such delays may have on students' interests.

another opportunity to make that determination, the Court finds that given the particular facts of this case, the Hearing Officer should have determined the student's eligibility under the IDEA.

This Court - a "generalist[] [court] with no experience in the educational needs of handicapped students" - declines to make the determination now, in the first instance, of whether the student is eligible for special education services.  See Doe v. Arizona Dep't of Education, 111 F.3d 678, 681 (9th Cir. 1997) (quoting Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1303 (9th Cir. 1992) and Crocker v. Tennessee Secondary Sch. Ath. Ass'n, 873 F.2d 933, 935 (6th Cir. 1989)) (referring to federal courts as "generalists" in the context of explaining that judicial review is only available after exhaustion of administrative remedies).  The Hearing Officer presided over the administrative hearing and had the benefit of receiving live witness testimony.  Therefore, the Court finds that this case should be remanded to the Hearing Officer so that he may determine, consistent with his earlier findings and conclusions, whether the student is eligible for special education and related services under the IDEA.[7]

---

[7] The Hearing Officer determined that the DOE did not conduct the proper assessment to determine the student's eligibility under specific learning disability ("SLD").  See Administrative Decision at 7 ("Student's academic performance relative to his intellectual ability is just one measure of eligibility under SLD, and not the only means to qualify for special education services under the IDEA.").  In determining whether the student

The Hearing Officer should make a determination of the student's eligibility forthwith, so that if the Hearing Officer determines that the student is eligible, the student's IEP team may have sufficient time to determine an appropriate IEP for the student before the start of the new school year.[8]

In addition to determining whether the student is eligible for special education and related services under the IDEA, the Court also remands the case to the Hearing Officer to decide Plaintiffs' claim for reimbursement. If the Hearing Officer finds the student eligible for special education services under the IDEA, the Hearing Officer might determine that the student has been eligible from some earlier date, such as February 2003, and thus that the parents may be entitled to some

---

is eligible under SLD, the Hearing Officer should consider Plaintiffs' argument that, in identifying SLD, it is appropriate to consider information about outside or extra learning support provided to a child when determining whether a child who receives satisfactory grades is nevertheless not achieving at age-level. See Declaration of Carl Varady at Exhibit 2 (Lillie Felton OSEP Policy Statement, United States Dept. of Education, Office of Special Education and Rehabilitative Services). As discussed in the Administrative Decision, the Hearing Officer should also consider other possible eligibility categories, such as emotional disturbance or speech/language impairment. See Administrative Decision at 10.

[8] The Court recognizes that the new school year is rapidly approaching, especially given the new year-round school calendar being implemented by many schools, and that it may not be possible for the Hearing Officer to act well enough in advance of the new school year to permit an IEP to be put in place prior to the start of the school year, should the Hearing Officer determine that the student is eligible.

12

reimbursement.  The Court notes, however, that even if the Hearing Officer determines that the student is not (and never was) eligible for special education services under the IDEA, the Hearing Officer must consider whether the parents may nonetheless be entitled to some reimbursement as a result of the DOE's violation of the IDEA in this case.[9]

## CONCLUSION

For the foregoing reasons, the Court remands the Administrative Decision with instructions that the Hearing Officer take the following action: (1) determine whether the student is eligible for special education and related services under the IDEA and (2) decide the parents' claim for reimbursement.

---

[9] The Court notes that even if the Hearing Officer determines on remand that the student is not eligible under the IDEA, the Hearing Officer should nonetheless give consideration to whether the DOE's violations of the IDEA may have put the parents into a situation where they had no choice but to place the student into private school because the DOE was refusing to comply with the IDEA and the parents could not obtain a valid assessment of their child.  Although the Court makes no determination as to the merit of such a claim for reimbursement, the Court notes that the Hearing Officer should at least consider whether an award of reimbursement would constitute appropriate relief under the IDEA in such circumstances if the student is now found to be ineligible for special education and related services.

     IT IS SO ORDERED.

     DATED:  Honolulu, Hawaii, June 22, 2006.



                               _____
                               Alan C. Kay
                               Sr. United States District Judge

<u>D.C. v. Dept. of Education, Civ. No. 05-00562 ACK/BMK, ORDER REMANDING ADMINISTRATIVE DECISION</u>.