IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| D.C. and G.K., Individually and as Guardian Ad Litem of S.K., an incompetent minor, <br><br>　　　　　　Plaintiffs, <br><br>　vs. <br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br>　　　　　　Defendant. <br>_____ | ) CIVIL NO. 05-00562 ACK-BMK <br> ) <br> ) REPORT OF THE SPECIAL <br> ) MASTER REGARDING <br> ) PLAINTIFFS' MOTION FOR <br> ) AWARD OF ATTORNEYS' FEES <br> ) AND COSTS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

REPORT OF THE SPECIAL MASTER REGARDING PLAINTIFFS' MOTION
FOR AWARD OF ATTORNEYS' FEES AND COSTS

On February 2, 2007, Plaintiffs D.C. and G.K., individually and as guardians ad litem of S.K., an incompetent minor ("Plaintiffs") filed a Motion for Award of Attorneys' Fees and Costs ("Motion"). Plaintiffs request attorneys' fees in the amount of $115,661.25, general excise taxes ("GET") in the amount of $4,818.45, and costs in the amount of $1,004.67, for a total award of $121,484.37. This Motion was designated to this Court pursuant to Local Rule 53.1 of the Local Rules for the United States District Court for the District of Hawaii ("Local

Rules"). Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the supporting and opposing memoranda and the record herein, the Court FINDS and RECOMMENDS that Plaintiffs' request for attorneys' fees and costs be GRANTED IN PART and DENIED IN PART and that Plaintiffs be awarded **$86,405.11** in attorneys' fees and GET, and **$485.61** in costs and other expenses.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs D.C. and G.K. are the guardians ad litem of S.K., an incompetent minor. For several years, Plaintiffs have sought a determination by Defendant State of Hawaii ("Defendant") that S.K. is eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1487. Plaintiffs first requested a due process hearing to determine S.K.'s eligibility for services on February 6, 2003. On March 28, 2003, the Hearing Officer determined that she was not authorized to make the initial determination of eligibility. Plaintiffs appealed that decision to this Court in D.C. v. Hamamoto, Civ. No. 03-00153 HG-BMK. Plaintiffs' action was dismissed for failure to exhaust administrative remedies. D.C. v. Hamamoto, Civ. No. 03-00153 HG-BMK (D. Haw. July 14, 2003) (Order Granting Defendants' Motion to

2

Dismiss). This dismissal was affirmed on appeal in D.C. v. Hamamoto, No. 03-16352, 2004 WL 1043114 (9th Cir. May 7, 2004).

Plaintiffs then dismissed their request for a due process hearing and proceeded with meetings with the Department of Education ("DOE") to exhaust their administrative remedies. The DOE determined that S.K. was not eligible for services. On November 12, 2004, Plaintiffs once again requested a due process hearing. On July 29, 2005, the Hearing Officer concluded that the DOE had failed to properly assess the possibility that S.K. might have a disability, but declined to determine whether S.K. was indeed eligible for services under the IDEA.

Plaintiffs appealed to this Court, which remanded the case to the Hearing Officer on June 22, 2006, with instructions that the Hearing Officer "(1) determine whether the student is eligible for special education and related services under the IDEA and (2) decide the parents' claim for reimbursement." (Order Remanding Administrative Decision, filed June 22, 2006)). Finally, on July 19, 2006, the Hearing Officer determined that S.K. was eligible for services retroactive to February 2003.

Plaintiffs have now requested attorney's fees and costs for these proceedings.

3

## RELEVANT LAW

Prevailing parties may be awarded reasonable attorney's fees in actions brought under the IDEA.  20 U.S.C. § 1415(i)(3)(B)(i) (2000).  The statute provides that these fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  § 1415(i)(3)(c).  However, the court must reduce the amount of attorney's fees awarded where the rate "unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience," and where "the time spent and legal services furnished were excessive considering the nature of the action or proceeding."  § 1415(i)(3)(F)(ii)-(iii).  These statutory requirements mirror and incorporate the "lodestar" approach developed in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) and subsequent cases.  See Aguirre v. Los Angeles Unified School Dist., 461 F.3d 1114 (9th Cir. 2006) (applying Hensley to IDEA cases).

The form in which motions for attorneys' fees and expenses should be submitted to the Court is governed by the Local Rules for the District of Hawaii. Local Rule 54.3(d) requires that fee petitions include "a description of the work performed by each attorney and paralegal, broken down by hours or fractions

thereof expended on each task . . . ." L.R. 54.3(d).  These entries "must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." L.R. 54.3(d)(2).  Moreover, these descriptions are not merely to be submitted in chronological order, but "shall be organized by litigation phase." L.R. 54.3(d)(1).

DISCUSSION

I.  "PREVAILING PARTY"

Under the IDEA, a "prevailing party" is one who succeeds in achieving a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 792-93 (1989).  A party may be awarded fees even if it did not prevail on all issues, provided it obtained "some relief by the court."  Buckhannon Bd. & Care Home, Inc. v. West Virginia DHHR, 532 U.S. 598, 603, (2001).  Moreover, prevailing parties may be awarded attorney's fees that were incurred from the beginning of the case, including time spent on unsuccessful appeals.  See, e.g., Cabrales v. County of Los Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991) (holding that "a plaintiff who is unsuccessful at a

stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage").

Here, Plaintiffs meet the prevailing party threshold.  On remand, the Hearing Officer ruled in Plaintiffs' favor on both the eligibility and reimbursement issues.  This was precisely the relief that Plaintiffs had been seeking: a ruling that their child was eligible for special education in February 2003 and a decision supporting reimbursement for his special education retroactive to that date.

Defendants do not dispute that Plaintiffs prevailed, but argue that the action on which they prevailed does not include the prior litigation following Plaintiffs' first request for a due process hearing.  The Court here agrees with Defendants.  Plaintiffs' failed attempt to circumvent the IDEA's exhaustion requirement was not "a necessary step to . . . ultimate victory," Cabrales, 935 F.2d at 1053 (9th Cir. 1991) in this particular case.  To the contrary, after this Court's decision was affirmed by the Ninth Circuit in D.C. v. Hamamoto, Plaintiffs started the process anew.  They properly exhausted their administrative remedies, received a due process hearing, and then ultimately prevailed.  But this ultimate

6

success does not appear to have been aided or furthered by Plaintiffs' initial litigation over administrative remedies.[1]

Plaintiffs' are prevailing parties and are entitled to attorney's fees and costs, but they will not be allowed to recover those fees and costs corresponding to their initial request for a due process hearing and the resulting appeal to this Court and the Ninth Circuit.

II.  ATTORNEY'S FEES

A determination of reasonable attorneys' fees begins with "the number of hours reasonably expended multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433.  If plaintiffs asserted claims on which they did not prevail, this base rate will then be reduced to reflect plaintiffs' level of success in the case.  See id. at 435-36.

A.  Reasonable Hourly Rate

A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 895

---

[1] Plaintiffs argue that because the Hearing Officer found that S.K. was eligible for special education as of February 3, 2003, then Plaintiffs' attorneys must also be eligible for all fees earned in S.K.'s case since February 3.  This is not the case, however, because S.K.'s eligibility was not denied by the DOE until *after* D.C. v. Hamamoto was dismissed.  Plaintiffs' legal work after February 3, 2003, but prior to the DOE's denial of eligibility, did nothing to ultimately advance S.K.'s cause.

7

(1984).  In determining a reasonable hourly rate, the district court must consider "'the experience, skill, and reputation of the attorney requesting fees.'" D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1384 (9th Cir. 1990) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.1986), amended, 808 F.2d 1373 (9th Cir. 1987)).  The fee applicant "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel," to show that the rates are reflective of reasonable prevailing rates for similar services.  Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

   Here, Plaintiffs' counsel Carl M. Varady has requested an hourly rate of $275/hour.  He contends that this is the prevailing market rate in the community for attorneys of his skill.  He supports this contention with declarations by Jerel V. Fonseca, Irene E. Vasey, Cynthia S. Nakamura, and Declaration of Stanley E. Levin.  All four declarants state that they are familiar with Mr. Varady's work and that they believe that the rate of $275/hour is the prevailing market rate in this community for attorneys of Mr. Varady's skills and experience.

   Defendant opposes Plaintiffs' counsel's rate of $275/hour and argues that Plaintiffs have not provided the Court with sufficient information to support

this rate. Defendant does not produce any declarations or other evidence to support this argument however.[2] The Court FINDS, based on the supporting declarations submitted by Plaintiffs, that $275/hour is a reasonable rate for an attorney of Mr. Varady's skill and experience, and RECOMMENDS that Mr. Varady be awarded a rate of $275/hour for all hours billed from January 1, 2006.

Mr. Varady states, however, that prior to January 1, 2006, he charged fee-paying clients only $250/hour in IDEA cases. (See Reply Mem. 8). Therefore, the Court RECOMMENDS that Mr. Varady be awarded a rate of $250/hour for all hours billed prior to January 1, 2006.[3]

Plaintiffs also seek $80/hour for work performed by Mr. Varady's legal assistant, Candace Chun. Defendant argues that Plaintiffs have failed to justify his legal assistant's rate of $80/hour. Defendant acknowledges, however, that Attorney Levin's paralegal has recently been awarded the rate of $85/hour but does not believe Plaintiffs' counsel has presented sufficient evidence to show that

---

[2] Defendant merely points out that Mr. Levin has more experience than Mr. Varady in IDEA cases, but has only been awarded a slightly higher rate.

[3] None of the supporting declarations submitted by Mr. Varady discuss the market rate for IDEA legal services in Hawaii in 2004 and 2005. In the absence of such evidence, the Court will assume–based on the fact that Mr. Varady currently bills at the market rate--that Mr. Varady's own pre-2006 rate of $250/hour was also the market rate in the community at that time for an attorney of his skills and experience.

their paralegal is entitled to $80/hour. The Court, being familiar with the prevailing rates in the community for paralegals and legal assistants, finds that charging $80/hour for Ms. Chun's work is reasonable.

### B. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees must demonstrate that the fees are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993). The court must guard against awarding fees and costs which are excessive, and must assess the extent to which fees and costs are self-imposed and could have been avoided. See id. at 637. See Hensley, 461 U.S. at 434. The party seeking the fee bears the burden of submitting evidence to support the hours worked, while the party "opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and the reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

Here, Plaintiffs request that they be awarded fees on 382.35 hours of work by Mr. Varady and 37.25 hours of work by Ms. Chun. Mr. Varady's hours,

10

however, include 82 hours that he spent in the predecessor case of D.C. v. Hamamoto.[4]  Defendants argue that Plaintiffs should not be allowed to recover for the work they performed in this separate case on which they did not prevail, and which did not help them to achieve their ultimate success.  As discussed above, the Court agrees, and recommends that Plaintiffs not be awarded fees for time spent on D.C. v. Hamamoto.

Defendant also claims that Plaintiffs' hours should be reduced for failing to satisfy the requirements of Local Rule 54.3.  However, Defendant provides no explanation of just how Plaintiffs have allegedly failed to meet this requirement.  To the contrary, Mr. Varady's time entries are broken down by litigation phases and contain excellent descriptions of services rendered.  The Court FINDS that other than the 82 hours billed for D.C. v. Hamamoto, Plaintiffs appear to have expended a reasonable number of hours on this case and to have put

---

[4]The Court finds that the following Hearing Preparation and Attendance (Ex. 3.2) entries correspond solely to D.C. v. Hamamoto: March 11, 2003; March 28, 2003; June 19, 2003; June 23, 2003; July 8, 2003.  The Court finds that the following Post-Hearing or Trial Proceedings (Ex. 3.4) entries correspond solely to D.C. v. Hamamoto:  April 18, 2003; July 8, 2003.  The Court finds that the following Research and Pleadings Drafting (Ex. 3.5) entries correspond solely to D.C. v. Hamamoto: March 18, 2003; March 28, 2003; April 1, 2003; April 2, 2003; April 7, 2003; April 23, 2003; May 28, 2003; June 6, 2003; June 10, 2003; June 12, 2003; June 19, 2003; June 23, 2003; July 18, 2003; August 6, 2003; November 10, 2003; November 11, 2003; November 17, 2003; January 6, 2004; January 12, 2004; January 13, 2004; January 16, 2004; January 19, 2004; January 20, 2004.

them before the Court in a manner that fully complies with the local rules. Therefore, the Court RECOMMENDS that Plaintiffs be awarded fees on 300.35 hours of work by Mr. Varady, and 37.25 hours of work by Ms. Chun.

Of Mr. Varady's 300.35 hours, 75.95 hours were earned after January 1, 2006. Mr. Varady should be awarded $275 per hour for those 75.95 hours, which comes to $20,886.25. Mr. Varady should be awarded $250 per hour for the remaining 224.4 hours that were earned before January 1, 2006, which comes to $56,100. In addition, Ms. Chun should be awarded $80 per hour for her 37.25 hours of work, which comes to $2,980. These add up to $82,947.25, which, when multiplied by the General Excise Tax rate of 4.17%, totals a base recommended attorney's fee award of **$86,405.11.**

C. Level of Success

Finally, courts must reduce the base fee award to properly reflect the plaintiff's level of success in the case. Hensley, 461 U.S. at 435-36 (applied to the IDEA through Aguirre, 461 F.3d 1114). In determining the plaintiff's level of success, the court must first determine "whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 901 (9th Cir. 1995).

Where the successful and unsuccessful claims are not related, then the fee award "may not include time expended on the unsuccessful claims." Schwarz, 73 F.3d at 901.

Here, Plaintiffs were entirely successful on all of their claims in the present case. They requested that S.K. be deemed eligible for special services and reimbursed for education expenses since February of 2003. This is precisely the relief Plaintiffs obtained. Therefore, the Court RECOMMENDS that Plaintiffs' award not be further reduced for level of success.

III. COSTS AND OTHER EXPENSES

Plaintiffs also seek a total of $1,004.67 in costs, representing the following: (1) $786.00 in filing and service fees; (2) $36.00 for photocopying in house; (3) $181.61 for recording and tape to CD transfer of IEP meeting recording; and (4) $1.06 in postage. Of these costs, $519.06 appear to have been spent in D.C. v. Hamamoto, for which Plaintiffs have not been deemed a prevailing party. Therefore the Court RECOMMENDS that Plaintiffs be awarded **$485.61** in costs.

CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Plaintiffs' motion be GRANTED IN PART and DENIED IN PART and that

Plaintiffs be awarded **$86,405.11** in attorneys' fees and GET, and **$485.61** in costs and other expenses.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 8, 2007

D.C. ex rel. S.K. v. Department Of Education, State Of Hawaii; Civ. No. 05-00562 ACK-BMK; REPORT OF THE SPECIAL MASTER REGARDING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS